UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Bryan P. Bonham, | Case No.: 2:23-cv-01317-JAD-NJK |
|---|---|
| Petitioner | |
| v. | **Order Denying Motions for Reconsideration and Judgment on the Pleadings** |
| State of Nevada, *et al.*, | [ECF Nos. 9, 10, 16, 18] |
| Respondents | |

Last year, High Desert State Prison inmate Bryan P. Bonham submitted what he styled as a pro se petition for writ of habeas corpus and exhibits.[1] I dismissed the matter for two reasons: Bonham's application to proceed *in forma pauperis* did not include the completed financial certificate and inmate account statements, leaving it improperly commenced;[2] and Bonham failed to state a claim cognizable in habeas because he filed to set forth any claim that his judgment of conviction or resulting sentence is unconstitutional.[3] Bonham has since filed three motions for reconsideration and one motion for judgment on the pleadings. Because he has not identified a legally recognizable basis for such relief, I deny all of the motions.

**Analysis**

Rule 60(b) of the Federal Rules of Civil Procedure entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying

---

[1] ECF Nos. 3, 4, 6.

[2] ECF No. 5, 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2.

[3] ECF No. 5, 28 U.S.C. § 2254(a).

relief from the operation of the judgment."[4]  A motion under subsections (b)(4-6) must be brought "within a reasonable time."[5]

Bonham first states that because he is litigating several cases in state and federal court, he was unable to timely file the financial certificate.  Second, he argues that he "feels he can possibly put forth a less complicated and more discernable or understandable pleading. . . ."[6]  He explains that this action is not a challenge to his conviction, but rather an appeal of a civil-rights complaint filed against the State and the Secretary of State in an effort to achieve fair notice of what the law is and by what authority it was created and enacted.[7]

This explanation only highlights why this case was properly dismissed.  A habeas action is a very specific type of case—it must be brought to challenge the validity or duration of confinement.  Habeas relief is distinct from a civil-rights claim, so civil-rights claims cannot be styled as, or contained in, habeas petitions.[8]  Because Bonham asserts no claims cognizable on federal habeas review, I deny his motions for reconsideration.  And because this case remains dismissed, I also deny as moot his motion for judgment on the pleadings.[9]

---

[4] Fed. R. Civ. P. 60(b)(6).

[5] Fed. R. Civ. P. 60(c)(1).

[6] ECF No. 9 at 4.

[7] *Id*. at 4–6, *see also* Bonham's petition, ECF No. 6 at 1, n.5.

[8] *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).

[9] As I noted in my previous order, ECF No. 5, this court takes judicial notice of its docket, and Bonham has been specifically advised previously of the court's required form and of the requirements of § 2254(a).  *See* 2:22-cv-01149-MMD-BNW; 2:23-cv-01174-RFB-NJK (both dismissed for failure to use or substantially follow court's form and failure to state claims for which federal habeas relief may be granted).  Moreover, the docket reflects that Bonham has filed numerous actions here, including several habeas petitions.  *See, e.g*., 2:22-cv-01230-APG-DJA, 2:23-cv-01172-CDS-BNW.

**Conclusion**

IT IS THEREFORE ORDERED that petitioner's motions for reconsideration **[ECF Nos. 9, 10, 16] are all DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for judgment on the pleadings **[ECF No. 18] is DENIED as moot**.

**This case remains closed.**

_____
U.S. District Judge Jennifer A. Dorsey
April 19, 2024